390 So.2d 571 (1980)
Perry ELLIOTT, Plaintiff-Appellee,
v.
LOUISIANA INTRASTATE GAS CORPORATION, Defendant-Appellant.
No. 7792.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
Rehearing Denied December 1, 1980.
*572 John Larry Vidrine, Ville Platte, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
DOMENGEAUX, Judge.
This appeal results from the third in a series of suits between the plaintiff, Perry Elliott, and the defendant, Louisiana Intrastate Gas Corporation (LIG), all of which emanate from a contract wherein plaintiff granted LIG a servitude across his Evangeline Parish property for the purpose of laying a 16" gas pipeline. The contract required that LIG bury the pipe "four feet", to be measured from the ground level to the top of the pipe.
Pursuant to the servitude grant, LIG had the pipeline laid in July of 1975. However, most of the pipe across plaintiff's property was buried at a depth shallower than four feet. This resulted in plaintiff's first suit wherein he sought a mandatory injunction to order LIG to either remove the pipeline or rebury it to the depth specified in the servitude agreement. The trial court, finding no irreparable injury, denied the injunction, but awarded plaintiff $2,500.00 in damages for "some mental anguish, frustration, etc." On appeal, we set aside the damage judgment and ordered LIG to remove the pipeline from plaintiff's property, or in the alternative, to rebury it to the depth required by the servitude agreement. LIG was granted one year, from the date of the finality of the judgment, to comply with the injunction. Elliott v. Louisiana Intrastate Gas Corporation, 336 So.2d 925 (La.App. 3rd Cir. 1976).
Pursuant to the above judgment LIG opted to and did rebury the pipeline to the required depth in August 1977. Prior thereto, plaintiff sued LIG in the second suit for a certain sum of money, alleging that an agreement to compromise the dispute between the parties had been reached, and then breached by the defendant corporation. After a trial on the merits, the district court ruled in favor of LIG, finding that there was no contract or agreement to compromise the lawsuit. This Court, in an unpublished opinion rendered on February 6, 1978, affirmed the trial court judgment. Elliott v. Louisiana Intrastate Gas Corporation, # 6302 (La.App. 3rd Cir. 1978).
The last suit in this trilogy, the subject of this appeal, finds plaintiff suing LIG for various damages resulting from the original burying of the pipeline in July, 1975, and the reburying operation in August of 1977. He also sought a mandatory injunction ordering LIG to level his land, within the servitude, and prayed for attorney's fees. Trial was held and the district court found for plaintiff and awarded the following damages:

1. For loss of hay in 1975 ..........................$ 200.00
2. For loss of soybeans in 1977 .....................$2,500.00
3. To relevel the land over the pipeline.............$ 100.00
4. For anguish, grief, frustration, and rage (1975)..$ 750.00
5. For anguish, grief, frustration, and rage (1977)..$1,000.00
 _________
 Total................$4,550.00

*573 The request for the mandatory injunction, attorney fees, and various other items sought by plaintiff were denied. Defendant LIG has appealed. Plaintiff Elliott has neither appealed nor answered LIG's appeal.
Appellant assigns the following specifications of error:
1. The awards for damages to crops in 1975 and 1977 are improper.
2. The amounts awarded for damages to crops, if not improper, are excessive.
3. The awards for non-pecuniary damages for anguish, etc., are improper.
Although plaintiff's petition alleges that the acts of defendant which caused his damages constitute both a breach of contract and a tort, we conclude that the rights and obligations of the parties to this suit arise from the servitude contract entered into between them.
Under the servitude contract, plaintiff was paid the sum of $658.88 to allow LIG to construct its pipeline over plaintiff's property; plaintiff, with specified restrictions, was allowed to use the right of way area for cultivation; and LIG agreed to pay any damage which may be inflicted by it in the construction and maintenance of the pipeline.

SPECIFICATIONS 1 AND 2
The record amply demonstrates that at the time the line was laid in July, 1975, plaintiff had a hay crop ready for cutting and bailing. Within the servitude area, hay valued at $200.00 was destroyed by the digging operations. This $200.00 amount was awarded by the trial court. Likewise, when the pipeline reburying occurred in August of 1977, plaintiff had planted on his property a soybean crop, part of which was located within the area of the servitude. The operation destroyed the portion of the soybean crop within the servitude area. For this latter crop damage the trial judge, based on the evidence, awarded plaintiff the sum of $2,500.00. The 1975 and 1977 crop damages were undeniably occasioned by the "construction and maintenance" of the pipeline. Hence, we will not disturb the trial court awards. Those awards are certainly within the well known and well utilized "much discretion" rule concerning the awarding of damages by the trier of fact. Although LIG contends that plaintiff failed to mitigate his crop damages in both the 1975 and 1977 digging operations, the trial judge obviously thought otherwise, and we find no manifest error in that regard. We cannot say, from an overview of the entire record, that plaintiff violated the "doctrine of avoidable consequences."[1]
We also find ample evidence in the record to uphold the award to plaintiff of $100.00 to relevel the land over the pipeline excavation resulting from the August, 1977, reburying operation.

SPECIFICATION NO. 3
As shown hereinabove the trial judge awarded plaintiff the total sum of $1,750.00 for "anguish, grief, frustration, and rage" resulting from the 1975 and 1977 pipeline operations. Under the jurisprudence, such an award in this case cannot be allowed. The award of non-pecuniary damages for breach of contract is the subject of La.C.C. Art. 1934(3), which reads as follows:
"Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious *574 or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule."
In order to be able to recover damages for mental anguish, aggravation, anxiety, etc., the object of the contract must be the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some other legal gratification, otherwise such damages may not be awarded. This is illustrated by our Supreme Court in the case of Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), wherein it is stated:
"... Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.
On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, non-pecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment."
See also Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979); Martin v. AAA Brick Co., Inc., 386 So.2d 987 (La.App. 3rd Cir. 1980).[2]
The record herein is devoid of any suggestion that the object of the servitude contract in these proceedings was any sort of intellectual gratification. Therefore, we are constrained to conclude that the district court erred in awarding damages to plaintiff in the sum of $1,750.00 for anguish, grief, frustration, and rage, and that portion of the award must be disallowed.[3]
For the above and foregoing reasons the judgment of the trial court is amended to reduce the amount of the award herein from the sum of FOUR THOUSAND, FIVE HUNDRED FIFTY DOLLARS ($4,550.00) to the sum of TWO THOUSAND, EIGHT HUNDRED DOLLARS ($2,800.00). In all other respects the judgment of the trial court is affirmed.
Costs on appeal to be divided equally between appellee and appellant.
AFFIRMED IN PART, REVERSED IN PART, AMENDED, AND RENDERED.
NOTES
[1] That doctrine, also known as the "doctrine of mitigation of damages" applies in this state and is explained in Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823 (1968). See also Darnell v. Taylor, 236 So.2d 57 (La.App. 3rd Cir. 1970), writ ref'd 239 So.2d 346 (La. 1970).
[2] The most recent case by the Louisiana Supreme Court in this field is Gele, et al. v. Earl Markey and Hanover Insurance Co., 387 So.2d 1162 (La.1980). The opinion acknowledges that the Meador rule has been criticized. However, a reading of the Gele opinion shows that the Meador rule is still controlling, even though its inflexibility may now be treading on thin ice.
[3] The author of this opinion is not in agreement with the jurisprudence set out by the Louisiana Supreme Court concerning non-pecuniary damages for mental anguish in contract cases. The author agrees with Justice (now Chief Justice) Dixon's dissent in Meador, supra. The Chief Justice concluded that there is no logical reason to allow recovery for mental anguish in tort cases and yet deny recovery of similar damages in contract cases. He suggests that non-pecuniary damages are recoverable under the plain terms of La.C.C. 1934(1). See the author's concurring opinion in Martin v. AAA Brick Co.,Inc., supra.