395 So.2d 440 (1981)
Lee LEACH, Plaintiff-Appellee,
v.
Bill FREEMAN d/b/a Freeman's Automotive Service, Defendant-Appellant.
No. 8075.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Rehearing Denied March 23, 1981.
Writ Refused May 6, 1981.
Gravel, Robertson & Brady, Robert L. Royer, Alexandria, for defendant-appellant.
Davis & Murchison, James D. Davis, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Lee Leach, brings this action for alleged defective automobile repairs against Bill Freeman, defendant. The trial court awarded plaintiff $1,326.83 for repairs, $50.00 for a wrecker fee, and $1,500.00 for inconvenience, mental anguish and worry. We amend and affirm.
On June 26, 1979, Leach brought his 1975 Ford Elite to Freeman's Automotive Service for repairs to the engine. Freeman installed used cylinder heads and two new head gaskets on the V-8 engine for a fee of $406.53, which was paid by Leach. A day after the repairs, Leach complained to Freeman about loss of power in the engine. Freeman checked the engine, made adjustments, and returned the car to Leach. Leach admitted the car ran slightly better. After a few days on short trips within the city of Alexandria, Leach decided to travel to Cottonport, Louisiana. Approximately 5 to 6 miles south of Alexandria, the car overheated and stopped. It had to be towed back to the city. Leach testified that the car was taken back to Freeman's garage. Freeman testified he did not remember seeing the car again.
*441 Shortly thereafter, Leach's car was taken to Holton's Repair Service and was dismantled by E. W. Holton and Franklin Maddox. Both Holton and Maddox, mechanics of extensive experience who were accepted by the trial court as experts, testified without contradiction that the head gaskets on the engine had been installed backwards which stopped the flow of water through cylinder block and cylinder head. The lack of water flow through the block caused the engine to overheat, the heads to crack, the pistons to melt and the rings to collapse.
Leach paid Holton's Repair Service $1,326.83 to repair his damaged engine. He was without the use of his car from June 26, 1979 to August 28, 1979.
Freeman contends the trial court erred as follows:
1. By awarding plaintiff $1,500.00 for the inconvenience, mental anguish, and worry inasmuch as the procuring of intellectual enjoyment was not a principal object of the contract to have his car repaired.
2. By awarding plaintiff $50.00 for the wrecker bill when plaintiff sued for a $10.00 wrecker bill and when there is no evidence in the record to support the award.
3. By holding that the damage to plaintiff's car was caused by defendant's improper installation of the head gaskets.
4. By holding that plaintiff had no obligation to mitigate the damage to his vehicle.
We find that the trial court erred in awarding damages for inconvenience, mental anguish and worry. Our Supreme Court in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976) held that:
"... Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable."
The evidence presented by plaintiff does not suggest the object of the repair agreement was anything other than the repair of a movable. While strong arguments in favor of recovery for mental anguish were made by Justice Dixon in his dissent in Meador, supra, and by Judge Domengeaux in his concurring opinion in Martin v. AAA Brick Company, Inc., 386 So.2d 987 (La.App.3rd Cir. 1980) we conclude that the record does not establish that intellectual enjoyment was a principal or exclusive object of the contract entered into between plaintiff and defendant. Nonpecuniary damages as a result of the breach of said contract are not recoverable. LSA-C.C. art. 1934(3). Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979).
We agree with Freeman's second specification of error. Leach itemized his damages in paragraph 8(C) of his petition listing a wrecker fee of $10.00. Leach testified that "I believe I was charged $10.00 for the wrecker fee". No other evidence was offered to support the wrecker fee award. It is obvious that the trial court's award of $50.00 was an oversight and we reduce the award to $10.00.
Defendant's assignments of error 3 and 4 are without merit. The record is clear that defendant's employees installed the head gaskets backwards on Mr. Leach's car engine causing its total loss. Both Holton and Maddox testified that the gaskets were relatively new and the heads were clean indicating a recent repair. The only recent repair on Leach's car was done by Freeman. It is the task of the trial judge to determine the credibility of the witnesses and this determination will not be disturbed absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Our review of the entire record indicates that the decision of the trial court is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above reasons, the judgment of the trial court is amended to reduce plaintiff's award from $2,876.83 to $1,336.83. In all other respects, the judgment of the trial court is affirmed.
*442 Costs of the appeal are taxed one-half against plaintiff, Lee Leach, and one-half against defendant, Bill Freeman.
AMENDED AND AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
I agree with this decision but wish to reiterate my disagreement with the jurisprudence set out by the Louisiana Supreme Court concerning non-pecuniary damages for mental anguish in contract cases. See footnotes 2 and 3 in the case of Elliott v. Louisiana Intrastate Gas Corporation, 390 So.2d 571 (La.App.3rd Cir. 1980), which I authored. See also the enlightening article by Professor Saul Litvinoff on "Moral Damages" appearing at 38 La.L.Rev. 1.