406 So.2d 734 (1981)
DONNIE DEROUEN ELECTRICAL SERVICE, Plaintiff-Appellant-Appellee,
v.
Robert McKAY, et al., Defendant-Appellant-Appellant.
No. 8477.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
*735 Morrow & Morrow, Patrick C. Morrow, Opelousas, for defendant-appellant.
Hagood & Moss, Jefferson J. Moss, Jr., Lafayette, for plaintiff-appellee-appellant.
Before DOMENGEAUX, SWIFT AND YELVERTON,[*] JJ.
SWIFT, Judge.
Plaintiff, Donnie Derouen Electrical Service, Inc. filed suit against Robert M. McKay to recover the amount allegedly due for work performed under a contract to rewire the defendants' house. The defendant denied the indebtedness and reconvened for breach of contract, alleging the following damages: (a) $18,000.00 as the estimated cost to complete the job; (b) $30,000.00 for loss of business; and (c) $100,000.00 for mental pain, suffering and aggravation.
On December 15, 1980, Dr. McKay filed an amending and supplemental reconventional demand adding his wife as a co-plaintiff-in-reconvention and claiming $10,000.00 additional damage for the fee of a business manager hired to get the job properly completed. Attached thereto was an ex parte order permitting the pleading to be filed. The plaintiff was served therewith on December 19.
On December 31 plaintiff filed a peremptory exception of no cause of action directed at the reconventional demand for mental suffering. On January 2, 1981, plaintiff filed a motion for partial summary judgment as to the same demand and it also filed another exception of no cause of action directed at the demands for loss of business and the fee of the business manager.
On January 5, the day before the case was scheduled for trial, plaintiff filed a motion to vacate the December 15 order which allowed the supplemental reconventional demand to be filed. The trial court heard all of the motions and exceptions on that same day. The defendants had not been served with the motions, but their counsel accepted service at the hearing. He objected, however, to the "late filing" of all exceptions and motions.
The trial judge offered to continue the hearing and take it up the following day before the trial began, or if the McKays' attorney preferred to upset the trial on the merits and refix the hearing on the motions and exceptions for his next rule day. The latter indicated his clients did not want to continue the trial, but if the court ruled against them counsel wanted time to take those issues to the court of appeal. Whereupon, the following colloquy took place:
"By Mr. Morrow:
"Your Honor, for the record, we would formally object to the late filing of all of these motions, if, in fact, this case is tried tomorrow. We feel that they are not timely filed, and we would enter a formal objection at this time to the Court even considering them. But because Mr. Moss has said that he would agree to the continuance, or the Court will grant us a continuance in the event you would grant these motions, then I see no reason not to take them up now. Then I can discuss with my clients this afternoon the outcome; hopefully, the advantageous outcome to my clients, and we can continue. With that understanding, we will go forward with the hearing, your Honor.
BY MR. MOSS:

*736 "Your Honor, I don't understand this. Either his posture is he is objecting to it, or objecting to it with a condition, or he is not objecting to it, or he is asking for a continuance. He can't ride the fence until the last minute.
"THE COURT: He wants to object to the late filing of it.
BY MR. MOSS:
"Peremptory Exceptions can be filed at any time.
BY MR. MORROW:
"Well, we are talking about the Summary Judgment. We have not had a formal opportunitywe have not been formally served with the motion. This is a court of record, your Honora court of record.
"We have been handed the motionthe Peremptory Exception of No Cause of Action. The Court can refer to the merits or decidein this case, I understand the Court wants to decide itin other words, to cut down the jury trial. What we are saying, your Honor, is we object to the late filing of certain motions, which I think the Code controls what motions we are talking about.
"Number two, as I understand it, if we do hear the motions today over our objection to the late filing, and the Court would grant the motions, then we would still be entitled to a continuance tomorrow to take this up to the Third Circuit to only try the case one time.
"THE COURT: To clarify your position, let me get it clear in my mind. You would rather hear the exceptions today, tomorrow, or on my next rule docket?
BY MR. MORROW:
"I'll hear the exceptions today, your Honor. I'm objecting to the late filing. Now, whether or notI understand
"THE COURT: Not to hearing them today, but the filing today.
BY MR. MORROW:
"That's correctto the filing."
Thereafter, the trial court rendered judgment granting the motion for partial summary judgment as to the reconventional demands for mental pain and suffering and loss of business, but denying the motion with respect to the demand for the manager's fee.[1] The peremptory exceptions of no cause of action and the motion to vacate were denied. The plaintiffs-in-reconvention as well as the defendant-in-reconvention have appealed.
Counsel for plaintiffs-in-reconvention correctly argues that they were entitled to a delay of at least ten days between service of the motion for partial summary judgment and the hearing. Article 966 of the Louisiana Code of Civil Procedure explicitly so provides. And see Frank v. Great American Insurance Co., 196 So.2d 50 (La.App. 3 Cir. 1967), writ refused 250 La. 739, 199 So.2d 180 (1967); and Villavasso v. Lincoln Beach Corporation, 146 So.2d 7 (La. App. 4 Cir. 1962). However, we find nothing in the article which prohibits waiver of such delay by the consent of the party to whom it is afforded. In Tangi Ready Mix Concrete Company v. Edwards, 336 So.2d 232 (La.App. 1 Cir. 1976), the requirement of this article, that a plaintiff's motion for a summary judgment must be made after an answer has been filed, was held to have been waived by the opposing party.
In our opinion when counsel informed the court that he wanted to proceed with the hearing on the motion and obtain a ruling as to the merits of the mental anguish demand prior to trial provided a continuance would be granted for appellate review in the event of an adverse decision, he effectively waived the delay provided in the article.[2]
Turning now to the merits of the motion, we find that the decision of Ostrowe *737 v. Darensbourg, 377 So.2d 1201 (La. 1980), is dispositive of the issue as to the McKays' demand for mental suffering allegedly sustained as a result of plaintiff's failure to properly complete the house. In that case the supreme court determined that a similar motion for summary judgment should have been sustained under Article 1934(3) of our civil code, since neither the petition nor building contract indicated that the latter had for its principal object the gratification of any intellectual enjoyment. Martin v. AAA Brick Co., Inc., 386 So.2d 987 (La.App. 3 Cir. 1980) applied the same principle of law.
The wiring contract is not before us, but the reconventional demand contains no such allegation and the plaintiff's affidavit is to the effect that this subject was not mentioned by the parties. We therefore affirm the trial court's decision on the motion insofar as that particular demand is concerned. However, we must recall and set aside the judgment as to the other two reconventional demands since they were not included therein.[3]
We also affirm the overruling of the plaintiff's exceptions of no cause of action because the reconventional demand does state a cause of action at least as to the cost of completing the job. Little v. Haik, 246 La. 121, 163 So.2d 558 (La.1964).[3]
No showing having been made that plaintiff will be caused any irreparable injury by the interlocutory judgment which denied its motion to vacate the previous order permitting filing of the amending and supplemental reconventional demand, the appeal taken herein by the plaintiff will be dismissed. La. C.C.P. Art. 2083.
For the foregoing reasons, the judgment of the district court dated April 10, 1981, is affirmed insofar as it sustained the motion for partial summary judgment filed by the defendant-in-reconvention, Donnie Derouen Electrical Service, Inc., and dismissed the claims of plaintiffs-in-reconvention, Robert M. McKay and Mary Katherine McKay, for mental pain, suffering and aggravation. It is also affirmed insofar as it denied the defendant-in-reconvention's motion to vacate the prior order of December 15, 1980, and overruled said party's peremptory exceptions of no cause of action. The judgment is recalled and set aside as to the rulings made on the said motion for summary judgment in regard to the other reconventional demands asserted by plaintiffs-in-reconvention. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. The costs of appeal are assessed to the plaintiff and the defendants, to be paid in the proportions of one-half by each side.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND REMANDED.
DOMENGEAUX, Judge, concurring.
I agree with this decision, but insofar as it addresses itself to the question of non-pecuniary damages for mental anguish in contract cases, I again wish to reiterate my disagreement with the jurisprudence on that subject as set out by the Louisiana Supreme Court. See my concurring opinion in Leach v. Freeman, 395 So.2d 440 (La. App. 3rd Cir. 1981). See also footnotes 2 and 3 in Elliott v. Louisiana Intrastate Gas Corporation, 390 So.2d 571 (La.App. 3rd Cir. 1980), an opinion which was authored by me.
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, participated as Judge ad hoc in this decision.
[1] The record discloses that the motion for partial summary judgment was directed solely at the mental anguish demand, no mention of the other two being made therein. Consequently, the judgment is in error in this regard.
[2] The scheduled jury trial has been upset.
[3] This court expresses no opinion as to whether the other two demands are recoverable since those issues are not before us.