490 So.2d 1185 (1986)
Erma Jane GUILLORY, Plaintiff-Appellee,
v.
JIM TATMAN'S MOBILE HOMES, INC., Defendant-Third Party Plaintiff-Appellee, and
Brigadier Homes, Inc., Defendant-Third Party Defendant-Appellant.
No. 85-874.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*1186 Jones, Tete, Gregory Massey, Lake Charles, for defendant-appellant.
Felix DeJean and Thomas DeJean, Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, Jr., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX and KNOLL, JJ., and BROYLES, J. Pro Tem.[*]
DOMENGEAUX, Judge.
Plaintiff-appellee, Erma Jane Guillory, instituted this suit in redhibition to recover the purchase price of a mobile home sold to her by defendant-third party plaintiff-appellee, Jim Tatman's Mobile Homes, Inc., and manufactured by defendant-third party defendant-appellant, Brigadier Homes, Inc. The plaintiff's suit was against both Jim Tatman's Mobile Homes and Brigadier Homes. Jim Tatman's Mobile Homes filed a third party demand against Brigadier Homes.
Judgment was granted in favor of plaintiff against both Jim Tatman's Mobile Homes and Brigadier Homes. Judgment was also rendered in favor of Jim Tatman's Mobile Homes on its third party demand against Brigadier Homes for any and all sums which Jim Tatman's was liable for to the plaintiff in the main demand.
On August 1, 1983, Erma Jane Guillory purchased a mobile home from Jim Tatman's Mobile Homes, Inc. The mobile home was a 1984 Admiral manufactured by Brigadier Homes. The total purchase price of the home was $28,295.04, of which plaintiff paid a cash down payment of $24,000.00 at the time of purchase.
Shortly after the plaintiff moved into the home numerous defects became apparent, the most serious of which was a defective roof. Attempts were made to repair the complained of defects, but the repairs to the roof proved to be of no avail. Ultimately, the plaintiff was offered a new mobile home to replace the defective home. However, the plaintiff refused to accept the home which was offered to her.
On April 27, 1984, the plaintiff filed suit against Jim Tatman's Mobile Homes and Brigadier Homes, alleging that the mobile home was redhibitorily defective and praying that the sale be rescinded, the purchase price returned to her, and that damages be awarded her for mental anguish and attorney's fees.
Jim Tatman's Mobile Homes, Inc. answered the plaintiff's petition and filed a third party demand against Brigadier Homes, Inc., seeking recovery for any amounts which Jim Tatman's Mobile Homes would be cast for in the original demand.
Brigadier Homes filed a motion for summary judgment alleging that the plaintiff was not entitled to recover damages for mental pain and anguish in the absence of physical injury to the plaintiff's person or property. The district judge denied the motion.
A trial on the merits was held and the district judge filed extensive oral (which were transcribed into the record) and written reasons for judgment into the record. The district judge found that the mobile home had a redhibitorily defective roof which because of its severity required that the contract of sale be rescinded. The trial judge determined that the defect in the roof resulted from an error or omission in the manufacturing process and thus Brigadier *1187 Homes was the cause of the redhibitory defect. The district court noted that Jim Tatman's Mobile Homes was a good faith vendor because they were not aware of the redhibitory defect when they sold the trailer house to the plaintiff. However, Brigadier Homes, as the manufacturer, was presumed to know the defect in the home as of the time of the sale and therefore the district court ruled that it was in bad faith.
Pursuant to the district judge's factual findings he ordered that the sale between the vendee-plaintiff, Mrs. Guillory, and the vendor-defendant, Jim Tatman's Mobile Homes, and the manufacturer-defendant, Brigadier Homes, be rescinded and that the parties defendant return the purchase price and the finance charges which the plaintiff had incurred. The district judge then gave a corresponding indemnity award to Jim Tatman's Mobile Homes against the manufacturer Brigadier Homes, as per La. C.C. Art. 2531.
The judgment of the district court provided that the judgment awarding the return of the purchase price and the finance charges in favor of the plaintiff was against both Jim Tatman's Mobile Homes and Brigadier Homes.
The trial judge then went on to award in favor of the plaintiff, Mrs. Guillory and against Brigadier Homes, $10,000.00 for mental anguish, $2,270.00 for future medical expenses, and $6,500.00 for attorney's fees. The district court then granted to Brigadier Homes against any monies it owed to the plaintiff a $50.00 per month credit for the rental of the mobile home from the date of purchase through the date the home was returned.
Finally, the trial court awarded in favor of Jim Tatman's Mobile Homes and against Brigadier Homes $5,000.00 in attorney's fees.
The defendant-third party defendant-appellee, Brigadier Homes, appeals the decision of the district court and submits four assignments of error:
(1) Whether the district court erred by awarding non-pecuniary damages of mental anguish to a plaintiff in a redhibitory action when the principal object of the sale contract was not intellectual enjoyment.
(2) Whether the district court erred in considering the plaintiff's inconvenience and frustration in determining the credit to which defendant is entitled for the plaintiff's use of the mobile home where damages for mental anguish had already been awarded to the plaintiff.
(3) Whether the trial court abused its discretion in awarding $6,500.00 in attorney's fees to the plaintiff and $5,000.00 in attorney's fees to Jim Tatman's Mobile Homes.
(4) Whether the district court erred in awarding damages for mental anguish and future medical expenses if it is found that the plaintiff breached her duty to mitigate the damages.

ASSIGNMENT OF ERROR NO. 1
The appellant alleges that although this mobile home contained a redhibitory defect, the district court erred when it awarded non-pecuniary damages of mental anguish to the plaintiff because "the principal object of the contract was not intellectual enjoyment and the breach of the contract was not one that sounds in tort."
We find that the appellant's contention is without merit and find that the district judge's award of damages for mental anguish in a redhibition case was correct based upon the recent decisions in Fontenot v. F. Hollier & Sons, 478 So.2d 1379 (La.App. 3rd Cir.1985), writ granted, 481 So.2d 1326 (La.1986), and Bourne v. Rein Chrysler-Plymouth, Inc., et al, 463 So.2d 1356 (La.App. 1st Cir.1984), writ denied, 468 So.2d 570 (La.1985).
The Fontenot case and the Bourne case have recently interpreted the Louisiana Supreme Court case of Philippe v. Browning Arms Co., 395 So.2d 310 (La.1980), and hold that:
"`Philippe v. Browning Arms Co., supra, in our opinion, is authority for the *1188 proposition that the purchaser who sustains damages because he or she purchased a redhibitorily defective product is entitled to be compensated for all provable damages, including inconvenience and mental anguish, if the causation link is established. Philippe, supra, mandates judicial repudiation of the blanket exclusion of damages for inconvenience and mental anguish in redhibition and quanti minoris actions. To knowingly sell a redhibitorily defective product, such knowledge being imputed to a manufacturer, is to do a tortious act. It is well settled that a tortfeasor's victim who sustains mental anguish as a result of the action or inaction of the tortfeasor is entitled to be compensated for it.' Bourne v. Rein Chrysler-Plymouth, Inc., 463 So.2d 1356, at page 1360 (La. App. 1st Cir.1984), writ den., 468 So.2d 570 (La.1985)."
Here, Brigadier Homes, Inc. is a manufacturer who is presumed to know the vices of the things it sells. Alexander v. Burroughs Corp., 359 So.2d 607 (La. 1978). Therefore, the sale of the redhibitorily defective mobile home by Brigadier to Jim Tatman's and ultimately to the plaintiff constituted a tortious act for which Brigadier is responsible. There is sufficient proof in the record that Mrs. Guillory sustained mental anguish as a result of the sale by Brigadier of the defective mobile home and therefore we conclude in light of Fontenot, supra, and Bourne, supra, that the district court was correct in awarding Mrs. Guillory non-pecuniary damages for mental anguish.[1]

ASSIGNMENT OF ERROR NO. 2
The appellant contends that in view of the fact that the plaintiff received an award for the mental anguish which she suffered, it was error for the district court to consider the inconvenience and frustration that the plaintiff experienced in determining the credit to which appellant was entitled for plaintiff's use of the mobile home.
The appellant put on evidence that a mobile home comparable to the one at issue without a defective roof would rent for from between $300.00 to $325.00 per month. The district judge only awarded the appellant a $50.00 per month rent credit because of the inconvenience suffered by the plaintiff.
We are of the opinion that an award of damages for mental anguish and an award of damages for inconvenience are two separate and distinct compensations.
The definition of "mental anguish" as found in Black's Law Dictionary, Revised Fourth Edition, is:
"MENTAL ANGUISH. When connected with a physical injury, this term includes both the resultant mental sensation of pain and also the accompanying feelings of distress, fright, and anxiety. In other connections, and as a ground for damages or an element of damages, it includes the mental suffering resulting from the excitation of the more poignant and painful emotions, such as grief, severe disappointment, indignation, wounded pride, shame, public humiliation, despair, etc." [Citations omitted]
"Inconvenience", as a noun, is defined in Webster's Third New International Dictionary as: "The quality or state of being inconvenient ... the quality or state of being unsuited or unadapted to personal needs or comfort: DISADVANTAGE, DISCOMFORT... something that is inconvenient: something that gives trouble, embarrassment or uneasiness: something that *1189 disturbs or impedes: DISADVANTAGE, HANDICAP ..."
We find that generally speaking, when an award is given for "mental anguish" it is an award made for the mental and emotional trauma which one experiences as a result of an obligor's action or inaction, and that damages awarded for inconvenience are for the impairment of physical efficiency or comfort produced by the obligor's action or inaction.
Inasmuch as damages for mental anguish and inconvenience are two separate manifestations of non-pecuniary loss, we cannot say that recovery for one precludes recovery on the other or that to allow recovery for both would constitute double recovery.
The authority of the district court to consider the inconvenience which the plaintiff experienced when determining the credit to which the appellant was entitled for the plaintiff's use of the redhibitorily defective mobile home is found in Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). In the Alexander case the Supreme Court held that "credit for a purchaser's use of a product may be proper in certain instances, even in favor of a bad faith seller." The Court went on to state that "[c]ompensation for the buyer's use, however, ought not be granted automatically by the courts; even the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair."
In Musemeche v. G & J Mobile Home Service and Supplies, 425 So.2d 791 (La. App. 3rd Cir.1982), this Court applied Alexander so as to allow a reduction in the rental price credit so as to offset the amount of inconvenience the plaintiffs suffered.
We note that in a redhibition case the grant of a credit for the buyer's use is discretionary with the trial court. DeBlieux v. Arkla Industries, Inc., 390 So.2d 233 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 901 (La.1981).
We cannot say that because plaintiff had already been awarded damages for mental anguish that the district court judge erred by reducing the appellant's rental credit to offset for the plaintiff's inconvenience. Nor can we say in this case that the district judge abused his discretion in awarding a $50.00 per month rental credit against plaintiff for the months that plaintiff occupied the mobile home.

ASSIGNMENT OF ERROR NO. 3
Appellant argues that the district court abused its discretion when it awarded $6,500.00 in attorney's fees to plaintiff and $5,000.00 in attorney's fees to Jim Tatman's Mobile Homes. The appellant points out that La. C.C. Art. 2545 provides that reasonable attorney fees may be awarded to the vendee where the seller is in bad faith. The appellant contends that the amounts awarded by the district court were unreasonable and excessive in view of attorney fee awards in other cases involving defective mobile homes. It is further argued that the proof which plaintiff offered to justify the amount of hours that his attorney spent on the case was inadequate and that although Jim Tatman's attorney kept accurate time records that the time spent on the case divided into the amount awarded exhibits an excessively large hourly rate.
We do not subscribe to the view advanced by appellant that the attorney's fees in this case awarded to the plaintiff were not adequately proven. Our courts have uniformly held that evidence of the value of an attorney's services is not necessary where the services are rendered under the supervision of the court. Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956); Anselmo v. Chrysler Corp., 414 So.2d 872 (La.App. 4th Cir.1982); Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir.1975); and Babineaux v. Black, 396 So.2d 584 (La.App. 3rd Cir. 1981).
*1190 We next turn to the appellant's contention that the attorney's fees awarded in this case were excessive.
Recently in Fontenot v. F. Hollier & Sons, supra, this Court had occasion to consider the law pertinent to a consideration of reasonable attorney's fees in redhibition suits. We stated in that case:
"In determining what is a reasonable amount for statutorily imposed attorney's fees in a redhibition case, the following factors have been determined by the courts to be relevant:
`(1) The responsibility incurred
(2) The extent and nature of the work performed
(3) The legal know how and skill of counsel. Sokol v. Bob McKinnon Chevrolet, 307 So.2d 404 (La.App. 4th Cir. 1975).' Anselmo v. Chrysler Corp., 414 So.2d 872, at page 875 (La.App. 4th Cir. 1982).
The trier of fact is afforded great discretion in determining what amount constitutes reasonable attorney's fees. White v. Martin GMC Trucks, Inc. [359 So.2d 1094 (La.App. 3rd Cir.1978)], supra. While the trier of fact must consider the factors listed above, these factors do not limit the trier of fact's discretion. Dowden v. Commonwealth Life Ins. Co., 407 So.2d 1355 (La.App. 3rd Cir.1981). We note that the purpose of awarding attorney's fees and expenses under LSA-C.C. Art. 2545 in redhibition cases is `to restore the purchaser, as much as possible, to the condition he enjoyed prior to the sale.' Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Cox v. Moore, 367 So.2d 424, at page 426 (La.App. 2nd Cir.1979), writ den., 369 So.2d 1364 (La. 1979)."
After reviewing the record in this case, the complexity of the issues involved, and the time spent in preparation and at trial we hold that the district court did not abuse its discretion in awarding the plaintiff $6,500.00 in attorney's fees and $5,000.00 to Jim Tatman's Mobile Homes for attorney's fees.

ASSIGNMENT OF ERROR NO. 4
Finally, the appellant contends that the district court erred when it awarded damages to the plaintiff for mental anguish and future medical expenses because the plaintiff breached her duty to mitigate the damages she received.
Following the plaintiff's discovery of the vices in the mobile home, she was offered a new mobile home to replace the defective home she had purchased. Mrs. Guillory examined the home which was being offered to her as the replacement and compiled a list of sixty-four items which she claimed to be defects. One of those defects she listed was the roof "rumbling" which was the problem which led to the lawsuit over the home she originally purchased. The plaintiff refused to accept the mobile home offered to her as a replacement. An inspector from the state fire marshal's office examined the replacement home and found that it met federal construction standards.
During the trial of the case, Mrs. Guillory's treating psychiatrist testified that had Mrs. Guillory accepted a new "problem-free" mobile home it would have been less likely that she would have needed psychiatric care.
The appellant argues that based upon these facts had the plaintiff accepted a new mobile home her mental anguish and future medical expenses would have been significantly less and that by refusing to accept the new mobile home she breached her duty to mitigate her damages.
As the appellant points out: "It is the duty of an injured party to mitigate his damages after a wrongful action occurs. This rule applies to both tort and breach of contract actions." Landry v. Racca, 386 So.2d 1013 (La.App. 3rd Cir.1980).
We feel that in this particular instance the plaintiff did not breach her duty to mitigate her damages. Mrs. Guillory, a widow, applied her entire savings on the down-payment for the mobile home. Soon after purchase the home began to manifest the physical damages caused by the defective *1191 roof and after repeated attempts by the dealer to make repairs, the defective roof was never completely remedied.
We can certainly sympathize with the frustration that a consumer must feel when an item that the consumer has purchased proves to be defective and incapable of being repaired. We are also aware of the suspicion and skepticism one might have in accepting an identical replacement for a product which has proven to be defective and irreparable. Certainly in some, but not in all instances, can it be said that a consumer has breached his duty to mitigate damages because he refuses a replacement product based upon his belief that the replacement will be of the same poor quality as the product originally purchased. We feel that the facts in this particular case provide us with a situation where the plaintiff's refusal to accept a replacement mobile home was not a violation of her duty to mitigate the damages.
For the above and foregoing reasons the decision of the district court is affirmed. All costs to be assessed against Brigadier Homes, Inc., defendant-third party defendant-appellant.
AFFIRMED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The author of this opinion takes this opportunity to reiterate his long and consistent position that there should be no distinction made between contract and tort cases when it comes to the assessment of non-pecuniary damages. See Martin v. AAA Brick, Co. Inc., 386 So.2d 987 (La.App. 3rd Cir.1980), concurring opinion; Elliott v. Louisiana Intrastate Gas Corp., 390 So.2d 571 (La.App. 3rd Cir.1980), footnotes 2 and 3; Derouen Electrical Service v. Robert M. McKay, et al, 406 So.2d 734 (La.App. 3rd Cir.1981) concurring opinion; Leach v. Freeman, 395 So.2d 440 (La.App. 3rd Cir.1981), concurring opinion; and Caubarreaux v. Hines, et al, 442 So.2d 898 (La.App. 3rd Cir.1983), footnote 4.