377 So.2d 1201 (1979)
Dr. and Mrs. Alan J. OSTROWE
v.
Louis U. DARENSBOURG.
No. 64670.
Supreme Court of Louisiana.
November 21, 1979.
Rehearing Denied January 11, 1980.
John Dale Powers, David M. Vaughn, Sanders, Downing, Kean & Cazedessus, Baton Rouge, for defendant-respondent.
Guy A. Modica, Guy A. Modica, Ltd., Baton Rouge, for plaintiffs-applicants.
SUMMERS, Chief Justice.[*]
Plaintiffs, Dr. and Mrs. Alan J. Ostrowe, contracted with Louis U. Darensbourg for the construction of a "one-story stucco veneer dwelling with loft" on a lot in East Baton Rouge Parish. Under the terms of the contract, the residence was to be constructed according to plans and specifications prepared by Desmond Miremont and Associates, Architects.
The contract provided that work would commence on March 27, 1975, and would be finished and completed in 270 calendar days, at which time the residence would be ready for occupancy. Cost of the construction was agreed to be $157,636, to be paid in five installments at different stages of the construction. A contractor's bond with J. Clifford Ourso, Sr., as surety was executed, conditioned on the faithful performance of the contract obligations by the contractor.
When defendant Darensbourg, the contractor, failed to satisfactorily complete the contract within 334 days, a term in excess of the contract requirements, plaintiffs instituted suit against defendant and his surety. His suit claimed breach of contract for failure of defendant to complete the residence in accordance with the plans and specifications and within the time stipulated.
The petition sought damages for noncompliance in an amount deemed necessary to *1202 complete the construction as required by the contract. In addition, as a result of the breach, plaintiffs alleged they suffered damages for "past [and future] mental suffering, anguish and anxiety" to the extent of $300,000. They also claimed $10,000 for attorneys' fees.
After answering and reconvening for withheld progress payments and extras, defendants filed a motion for partial summary judgment, alleging that under the law and jurisprudence of this State attorneys' fees cannot be recovered unless specifically provided for by contract or by statute; and recovery for mental suffering, anguish and anxiety cannot be had for a breach of a contract which has as its object anything other than intellectual gratification.
The trial judge granted the motion for partial summary judgment, rejecting plaintiffs' demand for attorneys' fees, mental suffering, anguish, and anxiety. On plaintiffs' appeal to the First Circuit the judgment of the trial court was affirmed. Because plaintiffs did not brief or argue the question of attorneys' fees, the Court of Appeal found the sole issue to be whether damages may be recovered as a matter of law for mental pain, anguish and anxiety resulting from breach of contract to build one's personal residence.
Relying on this Court's decision in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), the Court of Appeal found that the principal object of the contract was the utility, gratification and satisfaction of plaintiff's physical need for shelter and a place to live. The Court decided that the cost of a residence did not necessarily mean that a contract for intellectual gratification was involved. A less expensive house is as important to the owner, the court said. What is important in these cases, according to that opinion, was the procurement of an abode, and any intellectual enjoyment was purely incidental.
The question presented involves the interpretation of Article 1934 of the Civil Code. The pertinent parts read:
"Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
. . . . .
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.

. . . . .
Only the question of plaintiffs' right to recover for damages allegedly suffered for "past [and future] mental suffering, anguish and anxiety" is involved here.
Plaintiffs' petition and the contract upon which it is based refer to the construction of a "residence" or "a one-story stucco veneer dwelling with loft." Neither reference indicates that "the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification." An exception may perhaps be a contract for the construction of a dwelling which may be said to have as its object the gratification of "some convenience", a matter to be discussed hereafter.
The petition's prosaic reference to "residence" and the contract's equally prosaic reference to "a one-story veneer dwelling with loft" do not indicate that the parties understood that their obligations encompassed "the gratification of some intellectual enjoyment ... or some convenience or other legal gratification."
*1203 In their effort to meet this problem plaintiffs in brief have referred to the building involved here as a "distinctively designed home intended to suit their individual desires" depicted through the plans referred to in the contract. The house is also described as "an exclusive, specially designed residence in an exclusive subdivision." But even accepting these descriptions of the house, which do not appear in this record, to be factual, we do not understand that a contract for the construction of a house described as "distinctively designed" has as a purpose intellectual gratification under the terms of Article 1934(3).
And, carrying the reasoning still further, if such a contract has as a purpose intellectual gratification is that gratification the principal object of the contract? We think not.
We recognize that the argument might be made that the use of the term "convenience" in Article 1934(3) contemplates a contract which has as its purpose the gratification of physical comfort or convenience, such as that involved in one's home. But this Court in Meador, supra, rejected this argument, finding that the word "convenience" merely serves as one example of intellectual gratification, along with "religion, morality, or taste."
After an exhaustive review of the history of Article 1934(3) in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), this Court considered a plaintiff's claim for damages for aggravation, distress and inconvenience suffered when the automobile repairman unnecessarily and excessively delayed completion of the repairs contracted for. In interpreting Article 1934(3) this Court held that plaintiff could not recover damages for aggravation, distress and inconvenience caused by the loss of use of her automobile, because the procuring of intellectual enjoyment, while perhaps an incidental or inferred contemplation of the contracting parties, was not a principal object of the contract to have the car repaired. The principal object of the contract, the overriding concern of plaintiff, evident to defendant at the time the contract was entered into, the Court held, was the repair of plaintiff's automobile with its consequent utility or physical gratification.
We think the same is true here. In the instant case we hold that the obvious inference to be drawn from the limited facts available in this record is that the principal object of the contract, as with most contracts to construct dwellings, was to build a structure to be used as a residence by the plaintiffs. This was their overriding concern: to obtain a place to live in, to provide shelter from the elements and to afford health and comfort for their family in keeping with their means.
While plaintiffs claim that intellectual gratification or convenience was the object of the contract, that claim is not supported by the record except by their argument in brief and tenuous inferences. And, if intellectual gratification or convenience were objects of the contract, they were not principal objects but incidental objects not specially contracted for, as was the construction of the physical structure itself.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
DIXON, J., dissents.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
I understand Meador v. Toyota to have held that when a contract has "for its object" intellectual enjoyment, provided that intellectual enjoyment is a principal object of the contract, and notwithstanding that a peripheral or incidental, or even perhaps concurrent object of the contract may be physical gratification, non-pecuniary damages, etc. are recoverable under C.C. 1934(3). Where the exclusive object of the contract is physical gratification, non-pecuniary damages are not recoverable.
I dissent from the majority opinion because I believe that this case is distinguishable from Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976) which was relied on by the majority. In Meador there *1204 had been a full trial on the merits when the case came before this Court. The plaintiff in that case had had her opportunity to prove that a principal object of the repair contract was intellectual gratification, whereas in this case the issue had been brought before this Court because defendant's motion for summary judgment was granted. The plaintiffs herein have not had the opportunity to prove that intellectual gratification may have been, or was, one of the principal objects of their construction contract.
It seems quite reasonable to me that in a given situation intellectual gratification or convenience may well be at least one of the prime objects of a person's construction of a home. Whether such is the case or not has to be proven, of course. For this reason plaintiffs' suit should not have been dismissed on the motion for partial summary judgment. It is impropitious, in my view, for the majority here to conclude that the overriding concern of these plaintiffs was simply to obtain a place to live and to provide shelter from the elements and to afford them health and comfort; that intellectual gratification or convenience were in this case not principal objects but incidental objects, at least in the situation as here when plaintiff has not had his day in court.
NOTES
[*] Judge Patrick M. Schott participated in this decision as Associate Justice Ad Hoc sitting in the place of Justice Albert Tate, Jr., retired.