386 So.2d 987 (1980)
Malcolm MARTIN and Ruby Bridges Martin, Plaintiffs-Appellees,
v.
AAA BRICK COMPANY INC., Defendant-Appellant.
No. 7629.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
*988 George F. Griffing, Jonesville, for defendant-appellant.
Broadhurst, Brook, Miller & Reed, Lafayette, for plaintiffs-appellees.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Plaintiffs, Malcolm Martin and Ruby Bridges Martin, filed suit for damages for the unworkmanlike performance of a contract for the construction of a fireplace. The defendant-contractor, AAA Brick Company, Inc., reconvened seeking the contract price and recognition of a lien filed against plaintiffs' property. From a judgment in favor of plaintiffs, in the sum of $6251.25, which also rejected defendant's reconventional demand, defendant has appealed. Plaintiffs neither appealed nor answered the appeal.
On January 17, 1978, defendant entered into a written contract with Mrs. Martin agreeing to furnish and install a brick-encased 40 inch metal fireplace at plaintiffs' residence for the consideration of $1600.00. As part of the agreement defendant was to supply approximately one-half of the bricks required for the job. The bricks to be furnished by defendant were to match as closely as possible bricks supplied by plaintiffs which were left over from the original construction of plaintiffs' home. The inside work was completed on January 18, 1978. The extension of the flue through the roof was accomplished about 10 days later. After the completion of the fireplace plaintiffs experienced a variety of problems. A white powdery residue formed on the surface of the fireplace bricks. The residue, or efflorescence, is the result of salts which are internal in the brick and/or mortar which are brought out to the surface because of water being present. In response to complaints by plaintiffs, defendant sent a man on two occasions to try to clean the bricks. However, after each attempt, the efflorescence returned. When plaintiffs attempted to light a fire in the fireplace, it allegedly *989 smoked excessively. Because of alleged water leaks around the flue where it extended through the roof, plaintiffs had the flue and chimney cap removed and their roof patched. The general dissatisfaction of plaintiffs with the fireplace culminated with the filing of this suit. Plaintiffs alleged that the fireplace is totally useless because of certain defects in its construction.[1] On the basis of the alleged defects plaintiffs sought a recision of the contract and damages in redhibition. In the alternative, plaintiffs sought damages for breach of contract.
After trial on the merits the trial court decided in favor of plaintiffs and against defendant. In doing so, the trial court made the following findings:
"It is the opinion of the Court that the fireplace in question was improperly installed as the Court finds the following defects in its construction: (1) The leaks around the chimney which have the effect of saturating the insulation in the attic and leaking through on the ceiling tile in the room in which the fireplace was constructed, which necessitated the removal of the flue and a patching of the roof in order to stop the roof leakage. Additionally, the Court finds that from the testimony introduced that the fireplace did in fact smoke at the times which it had been used which indicates that the flue had not been extended sufficiently above the roof line to allow proper draft. A viewing of the photographs introduced in evidence indicates to this Court that the chimney as constructed was unsightly as it was not square and that the brick did not match as had been requested by the plaintiffs and that additionally, the courses of the brick were not in line with the preexisting brickwork. Additionally, apparently the efflouresence (sic) which began showing up shortly after the construction of the fireplace continued at least until the date of the trial some year and a half (1½) later.
All of the above are such as to convince this Court that the plaintiffs should be relieved of the necessity for paying the purchase price for the fireplace and accordingly, the Court will order a recision of the sale and award damages to the plaintiffs as follows: The amount of $150.00 which represents the costs of repairs of the roof to eliminate the roof leaking around the flue. Additionally, the Court will award to the plaintiffs for their mental anguish the sum of $2000.00 each. Additionally, the Court will award to plaintiffs the sum of $101.25 for the bill of Fabian Patin, the architect who inspected the workmanship in the fireplace.
The Court will award as attorney fees for bringing this action the sum of $2000.00. The Court will set the fee of Mr. Fabian Patin, who testified as an expert, in the amount of $250.00 and tax the same as costs. All costs of these proceedings to be assessed against the defendant, AAA Brick Company, Inc.

*990 The reconventional demand of AAA Brick Company against the plaintiffs, Malcolm Martin and Ruby Bridges Martin will be dismissed at said reconvenors cost ..."
Defendant contends the above findings and awards are erroneous and urges their reversal on appeal. Defendant's arguments in brief, regarding alleged trial court error, address issues solely within the context of an action in redhibition, which the trial court ostensibly found to be properly asserted. The trial court apparently found the contract in question to be a sale pure and simple and, accordingly, applied the legal principles as set forth in LSA-C.C. Article 2520 et seq. in fashioning its judgment. We disagree with the trial court that the present action involves a sale whereby an action in redhibition could be properly maintained. The contract in question did not involve merely the sale and delivery of a fireplace or the materials for its construction. The contract contemplated the installation and erection of a fireplace at plaintiffs' residence by defendant, with the latter furnishing the materials and necessary labor and skill in the performance of the job. Our conclusion is that the contract entered into between defendant and Mrs. Martin was not one of mere sale, but a construction contract.
LSA-C.C. Article 2756 defines a construction contract as follows:
"To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price."
Our jurisprudence has consistently held that a contract involving work to be done on the owner's land or building is a building contract within the definition of Article 2756 even though the undertaker is required to furnish some of the materials.[2]
For the foregoing reasons, we conclude it was error to apply the sales articles pertaining to redhibitory defects to the case at hand and we reverse the trial court's judgment in as much as it held the present action is one in redhibition and to the extent said judgment differs from our holding today. Further we conclude that the rights and obligations of the parties under the contract in question are governed by the legal principles set forth in Book III, Title IX of the Civil Code under Section 3 which is entitled "Of Constructing Buildings According to Plots, and Other Works by the Job, and of Furnishing Materials".
The legal principles derived from the above cited code section concerning construction contracts and applicable in the present suit were set forth in Neel v. O'Quinn, 313 So.2d 286 (La.App. 3rd Cir. 1975), in which we stated:

"It is implied in every building contract that the work of the builder be performed in a good workmanlike manner, free from defect either in material or workmanship. Nichols Ford Co., Inc. v. Hughes, 292 So.2d 345 (La.App. 2nd Cir. 1974).

The basic law in regard to a contractor's liability for failure to properly perform a building contract is found in LSA-C.C. Art. 2769, as follows:
`Art. 2769. Contractor's liability non-compliance with contract.
If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he should be liable in damages for the losses that may ensue from his non-compliance with his contract.'

This codal provision has been construed by the courts to mean that when a contractor has `substantially performed' a building contract, even though certain defects are present, he is entitled to recover the contract price, and the owner is relegated to having the price reduced by the amount necessary to perfect or complete the work, i. e., damages attributable to the breach. Airco Refrigeration Service, *991 Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).

In turn, if the building contract has not been substantially performed, the contractor's recovery is limited in quantum meruit. In the same regard, if the defects are such that cannot be corrected except by removing and replacing the construction, under the jurisprudence the owner may require the contractor to remove the object from his land and restore the premises to their prior condition. In addition, the owner is entitled to damages. National Water-Purifying Co. v. New Orleans W. W. Co., 48 La. [Ann.] 773, 19 So. 865 (1896); Toepfer v. Thionville, 299 So.2d 415 (La.App. 4th Cir. 1974); Scott Fence & Insulation Co., Inc. v. Boudro, 252 So.2d 458 (La.App. 4th Cir. 1971); Montague v. Milan, 67 So.2d 351 (La.App. Orl. Cir. 1953); Home Services v. Marvin, 37 So.2d 413 (La.App. Orl. Cir. 1948)."

In the instant suit the trial court made no determination whether or not the defendant has "substantially performed" the contract in question. Nor did the trial court fix liability under Article 2769. The determination of liability under the aforestated principles must now be fixed by this court. In doing so, we accept the factual finding as set forth in the trial judge's written reasons that the fireplace was improperly installed for the reasons given, supra. From our review of the record we conclude that the latter conclusion is supported by the evidence and clearly not erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The improper installation of the fireplace was a breach of the warranty of good workmanship implicit in every building contract, and in the instant case, of the explicit guaranty provisions of the written contract. The only testimony adduced at trial regarding the amount necessary to remedy the flaws in workmanship was given by an architect, Mr. Fabian Patin. Mr. Patin opined that in order to completely repair the fireplace it would be necessary to demolish the entire fireplace and replace it with a new system which would cost about one and a third times the cost of the original construction. In view of this evidence, we hold that defendant is not entitled to recover under the contract for the work performed. Plaintiffs received no benefit whatsoever from the construction of the defective fireplace. In order to remedy said defects, the entire structure as built must be removed. Plaintiffs are therefore entitled to have the fireplace removed and their premises restored to their original condition. Plaintiffs are also entitled to damages which ensued from the breach of the construction contract by defendant. LSA-C.C. Article 2769.
As shown supra, the trial court awarded damages for the amount required to patch plaintiffs' roof, for the inspection fee of the architect, and for mental anguish. The award for having the roof patched was clearly proper. The leaks and the necessity of their repair resulted from the failure of defendant to install the fireplace flue in a workmanlike manner. As to the award of the architect's fee for the examination of alleged defects, we are of the opinion that same must be disallowed. Such a fee is a cost of preparing the case for trial and it is well established that expenses incurred in preparing a law suit are not recoverable as damages. Acme Steel Company v. A. J. Warehouse, Inc., 212 So.2d 271 (La.App. 4th Cir. 1968); Womack v. Travelers Ins. Co., 258 So.2d 562 (La.App. 1st Cir. 1972), writ denied 261 La. 775, 260 So.2d 701. Likewise we find that the trial court erred in awarding damages for mental anguish. The award of non-pecuniary damages for breach of contract is the subject of LSA-C.C. Article 1934(3). Said article was interpreted by our Supreme Court in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976) as follows:
"... Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.

*992 On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment."

The evidence presented by plaintiffs does not suggest that the object of the construction contract was anything other than the building of an improvement on an immovable. We conclude that the record does not establish that intellectual enjoyment was a principal or exclusive object of the contract entered into between defendant and plaintiffs. Nonpecuniary damages as a consequence of the breach of said contract are not recoverable. LSA-C.C. Article 1934(3). Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979).
The award of attorney's fees to plaintiffs must also be reversed. It is well established in this state that unless particularly authorized by statute or by contract between the parties, attorney's fees are not allowed. Plaintiffs neither cite statutory authority nor did they adduce contractual evidence in support of their prayer for attorney's fees. Such an award must therefore be denied.
Because this case was erroneously presented and decided in redhibition, the evidence necessary to render a proper judgment under article 2769 is not in the record. Specifically, the cost of the removal of the fireplace and the restoration of the premises to its condition prior to defendant's beginning of construction is unknown. Therefore, we will remand this case to the trial court for the purpose of receiving further evidence limited however to the cost of removing the fireplace from plaintiffs' home and the restoration of said premises to its former condition.
For the above and foregoing reasons the judgment of the trial court is affirmed in part, reversed in part and remanded. Accordingly it is ordered, adjudged and decreed that:
1. There be judgment in favor of plaintiffs, Malcom Martin and Ruby Bridges Martin, and against the defendant, AAA Brick Company, Inc., recognizing plaintiffs as entitled to a monetary judgment sufficient to remove from their premises the fireplace constructed by defendant and to restore said premises to the condition prior to defendant's starting performance of the construction contract in question; this matter is remanded to the trial court for the purpose of receiving additional evidence to fix such monetary award with exactness;
2. There be judgment in favor of plaintiffs and against defendant, condemning the latter to pay to plaintiffs the amount of $150.00 which represents the costs of repairs to plaintiffs' roof;
3. The judgment of the trial court awarding $101.25 for architect's fees, $4000.00 for mental anguish, and $2000.00 for attorney's fees is reversed and plaintiffs' demands for such sums are rejected and dismissed.
4. The judgment of the trial court condemning defendant to pay all costs at the trial level, including the expert witness fee of architect, Fabian Patin, is affirmed;
5. The judgment of the trial court dismissing defendant's reconventional demand is affirmed; and,
6. Costs of this appeal are to be paid one-half by defendant and one-half by plaintiffs.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurs.
Under Meador and Ostrowe, we are precluded from awarding plaintiffs damages for mental anguish in this contract action. However, I am in agreement with Justice (now Chief Justice) Dixon's dissent in Meador. He concludes that there is no logical reason to allow recovery for mental anguish in tort cases and yet deny recovery of similar *993 damages in contract cases. He suggests that non-pecuniary damages are recoverable under the plain terms of La.C.C. 1934(1).
Plaintiffs had a right to expect that defendant would have performed its job well. It did not. A sloppy job invariably results in aggravation, distress and inconvenience to the injured party, for which he should be allowed damages. Such damages are reasonably within the contemplation of contracting parties at the time the contract is entered into, and should, as says Chief Justice Dixon, be compensable.
Were I not bound by Meador and Ostrowe, I would affirm the $4,000.00 award to the Martins for mental anguish resulting from their frustrating experience in connection with defendant's poor performance here.
NOTES
[1] The defects alleged in plaintiffs' petition are as follows:

1. excessively large amounts of efflorescence on the surface of the brick;
2. the bricks used contained excessive water soluble salt, as did the mortar mix;
3. the roof leaks at the chimney cap;
4. the left side of the fireplace brickwork was installed two inches out of square in a distance of thirty inches from front to back;
5. the mortar used in the chimney was approximately four values lighter than the original mortar on a value scale of ten;
6. the horizontal coursing of the new brickwork is one-half course out of alignment with the existing brickwork;
7. the fireplace opening is not centered within the front face of brickwork;
8. the mantel support bolts had not yet been installed;
9. the flue opening is only twelve inches above the roof;
10. the chimney housing is not installed securely;
11. the flashing of the chimney housing does not overlap the shingle roof with the lower flange;
12. proper fire protection installation instructions were not followed;
13. the bricks supplied by defendant do not match the bricks in plaintiffs home; and,
14. the fireplace projected into an adjoining doorway making it impossible to use said door.
[2] Regarding the distinction between the sale of a thing and the letting and hiring of industry, see Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Papa v. Louisiana Metal Awning Co., 131 So.2d 114 (La.App. 2nd Cir. 1961); and, The Work of the Louisiana Appellate Courts for the 1977-1978 TermSales, 39 La.L.Rev. 705.