442 So.2d 898 (1983)
Elvis CAUBARREAUX, Plaintiff-Appellant,
v.
Cicero E. HINES, et al., Defendants-Appellees.
No. 83-346.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
Writ Denied March 16, 1984.
Harold J. Brouillette, Marksville, for plaintiff-appellant.
Trimble, Randow, Percy, Wilson & Foote, James T. Trimble, Jr., Eugene P. Cicardo, Alexandria, for defendants-appellees.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
DOMENGEAUX, Judge.
This is a contract warranty case. The appellant, Elvis Caubarreaux, entered into a construction contract with Cicero E. Hines and John W. Fuqua (d/b/a Hines and Fuqua Construction Company and as Hines and Fuqua Swimming Pools) [hereafter referred to as "Hines and Fuqua"] to build a swimming pool in the back yard of the Caubarreaux residence. The contract specified the total cost as $15,000.00. The contract further provided that the "Contractor warrants the work to be free from defects in materials and workmanship for one year from the date of completion." The appellant sued under this clause of the contract. At trial on the merits, the trial judge determined that the defendants had breached the express warranty provisions of the contract, and therefore, judgment was rendered *899 in favor of plaintiff. From this judgment, plaintiff has devolutively appealed, seeking an increase in the damages award. Defendants answered the appeal, alleging error on the part of the trial judge in finding them liable for breach of contract.

FACTS
On August 11, 1981, Elvis Caubarreaux signed a contract for $15,000.00 with Hines and Fuqua for construction of a swimming pool in Mr. Caubarreaux's back yard. Construction commenced soon afterwards, and the pool was completed on September 1, 1981. Mr. Caubarreaux paid $7,500.00 on August 14, 1981, and a remaining amount of $7,600.00 on August 28, 1981, upon completion of the swimming pool. The extra $100.00 included the purchase of a swimming pool ladder.
Some time in October, 1981, Mr. Caubarreaux and his wife noticed a crack on the bottom of the pool, and they notified Hines and Fuqua. Mr. Hines assured the owners that a hairline crack would have no effect upon the use of the swimming pool.
In November, 1981, the crack became larger; more cracks appeared on the bottom and along the sides of the pool. During this time Mr. Fuqua drained the pool, repaired the cracks, and refilled the pool. The conditioned worsened, however; the pool lost water continuously; mud seeped through the hull and into the pool. The repaired concrete became discolored. During this time, Mr. Caubarreaux telephoned Hines and Fuqua. The testimony at trial reveals a discrepancy: Mr. Caubarreaux stated that he telephoned Hines and Fuqua repeatedly (for a total of approximately forty times for a five-month period) to report the problem with the swimming pool, and that the calls were never returned; whereas Mr. Hines testified that he received only one telephone call from Mr. Caubarreaux which he promptly returned.
In May, 1982, the pool was drained again, this time by Mr. Hines and his employee, John Cobb. For four days Mr. Cobb, under Mr. Hines' supervision, attempted to repair the cracks and fissures to stop the mud and water which was seeping into the swimming pool. At that time, the hull of the pool "floated" (a term which refers to lifting of the hull). The floating resulted in cracked and broken decking which surrounded the pool. The entire pool tilted which shifted the diving board, slide, and ladder. The whole filtration system, including the main drain, failed to function after the hull floated. Voids were created under the swimming pool because of the radical movement of the hull.
Mr. Caubarreaux notified Hines and Fuqua of the severity of the problems with the swimming pool. Mr. Caubarreaux filed suit on July 15, 1982, against Hines and Fuqua when the defects were not corrected.[1] The suit sought damages consisting of a refund of the purchase price paid for the pool ($15,000.00), the cost of demolition and removal, and for inconvenience and loss of use.[2]
A written opinion was rendered by the trial court on January 3, 1983, which held: (1) The express warranty provisions of the contract were breached by Hines and Fuqua due to negligent acts of both commission and omission; (2) The evidence clearly established that the pool was beyond repair; (3) Richardson Industries, Inc. was not a manufacturer nor did it have any agency or franchise relationship with Hines and Fuqua; therefore claims against Richardson Industries, Inc. were dismissed with prejudice to the plaintiff; (4) The cost of *900 demolition and removal of the pool was established to be $15,570.00; to replace the pool, an additional $15,100.00; and to fill in the hole left by the defective pool, without replacing the pool, $1,225.00; (5) That plaintiff was "at the very least entitled to have his back yard returned to him in its original condition" but that the Court was "unwilling to award plaintiff a new pool," and accordingly; (6) Plaintiff was entitled to judgment for the cost of demolition and removal ($15,570.00), plus the cost of refilling the hole ($1,225.00), for a total of $16,795.00, plus legal interest and costs. The trial judge held that the plaintiff was not entitled to attorney's fees and therefore denied an award of such.

ISSUE
The plaintiff alleges that the trial court erred by awarding judgment only for a portion of the damages incurred as a result of a breach of the warranty provision of the contract. The issue on appeal is whether appellant is entitled to judgment for reimbursement of the cost paid for the defective swimming pool, and for inconvenience and loss of use.
The contract entered into between Mr. Caubarreaux and defendants is a construction contract governed by La.C.C. Art. 2756.[3] We conclude that the rights and obligations of the parties under the contract in question are governed by the legal principles set forth in the Civil Code. La. C.C. Arts. 2756, 2762, 2768, and 2769. The legal principles derived from these code articles concerning construction contracts are applicable in the present suit. In Neel v. O'Quinn, 313 So.2d 286 (La.App. 3rd Cir.1975), writ denied, 319 So.2d 440 (La. 1975), we stated:
"It is implied in every building contract that the work of the builder be performed in a good workmanlike manner, free from defect either in material or workmanship. Nichols Ford Co., Inc. v. Hughes, 292 So.2d 345 (La.App. 2nd Cir. 1974).
The basic law in regard to a contractor's liability for failure to properly perform a building contract is found in LSA-C.C. Art. 2769...."
At 289.
The Code expressly provides for damages when the contractor is liable for non-compliance with the contract:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
La.C.C. Art. 2769. Further, if the defects of the work performed are such that cannot be corrected except by removing and replacing the construction, under the jurisprudence the owner may require the contractor to remove the object from his land and restore the premises to their prior condition. In addition, the owner is entitled to damages. Martin v. AAA Brick Company, Inc., 386 So.2d 987, 991 (La.App. 3rd Cir.1980), citing Neel v. O'Quinn, supra, and cases cited therein.
In the case sub judice, the trial court determined that defendants had breached the warranty terms of the contract. The trial court also fixed liability. We accept the factual findings as set forth in the trial judge's written reasons that the swimming pool was defective and unsuitable for its intended use; because it was beyond repair it had to be demolished and removed. From our review of the record we conclude that these determinations are supported by the evidence and are not clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, we find that the trial court's determination of damages is incorrect.
The improper installation of the swimming pool was the breach of the warranty of good workmanship implicit in every building contract, and in the instant case, of the explicit guaranty provisions of the *901 written contract. See Martin, supra, at 991; Wetmore v. Blueridge, Inc., 391 So.2d 951 (La.App. 4th Cir.1980). The testimony adduced at trial regarding the amount necessary to remedy the defects in workmanship was given by the owner of another swimming pool company, Dalton Thibodeaux, and by Thomas Walker, who is in the trucking and backhoe business. Mr. Thibodeaux testified that in order to completely repair the swimming pool it would be necessary to demolish the entire pool and replace it with a new one. Mr. Walker gave an estimated cost for demolition and removal. In view of this evidence, we hold that plaintiff is entitled to recover the full purchase price plus damages under the warranty clause of the contract for breach due to acts of both commission and omission. The swimming pool is totally unusable due to faulty construction; it is of little or no value in its present condition. Plaintiff and his family received no benefits from the construction of the defective swimming pool.[4] In order to rectify such flaws, the trial judge determined that the entire structure as built must be demolished and removed, and the premises restored to their original condition. Since the defects were due to the poor workmanship and improper performance of the contractor in accomplishing his obligations under the contract, the costs of these damages are properly assessed against him. We conclude that this finding is correct. However, this finding constitutes only part of plaintiff's right to recover. He is still out the $15,000.00 which he paid to have the pool built, which as aforesaid was useless to him. Therefore he is entitled to a return of the purchase price paid on the contract as well as damages. Accordingly, plaintiff is awarded reimbursement in the amount of $15,000.00 due to defendants' non-compliance with the terms of the contract. La. C.C. Art. 2769; Martin v. AAA Brick Co., Inc., at 991; Toepfer v. Thionville, 299 So.2d 415 (La.App. 4th Cir.1974).

DECREE
For the above and foregoing reasons the judgment of the trial court is affirmed in part and reversed in part. Accordingly, it is Ordered, Adjudged, and Decreed that there be judgment in favor of plaintiff, Elvis Caubarreaux, and against the defendants, Cicero E. Hines and John W. Fuqua, and the partnership, Hines and Fuqua Construction Company, in solido, in the sum of $15,000.00 for reimbursement of the purchase price of the swimming pool, in addition to the sum of $16,795.00 for the cost of demolition and removal of the defective swimming pool and restoration of the backyard to its original condition. Both amounts subject to legal interest from date of judicial demand until paid.
The judgment of the trial court is affirmed in all other respects.
All costs on appeal are assessed against defendants, Cicero E. Hines and John W. Fuqua, and the partnership, Hines and Fuqua Construction Company, in solido.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] Mr. Caubarreaux also filed suit against Airwick Pool Products, Inc., as the manufacturer of the products used in the construction of the pool. Prior to trial, Richardson Industries, Inc., the corporate successor to Airwick, was substituted as a party defendant. The trial court found no liability on the part of Richardson Industries and dismissed the suit against it; appellant concedes that this finding is correct. Accordingly, there is no issue on appeal as to this defendant's liability.
[2] Plaintiff also brought an action in redhibition, but later acknowledged in the trial court memorandum that redhibition does not apply to a construction contract. La.C.C. Art. 2762; Catalina Pools v. Sellers, 322 So.2d 812 (La.App. 4th Cir.1975).
[3] Art. 2756 defines a construction contract thusly:

"To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price."
[4] The author of this opinion feels that appellant should be entitled to an award of non-pecuniary damages because of loss of use and inconvenience. However, we are precluded from awarding plaintiff damages for mental anguish in this contract action under La.C.C. Art. 1934(3); Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979); Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). But see Martin v. AAA Brick Company, Inc., 386 So.2d 987 (La.App. 3rd Cir. 1980), concurring opinion at 992.