476 So.2d 458 (1985)
Francis J. ORGERON, Jr.
v.
Alfred DOBKOWSKI d/b/a Al Dobkowski Construction and Commercial Union Insurance Company.
No. 84 CA 0755.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Allen A. McElroy, Jr., Berwick, for Francis J. Orgeron.
Michael W. Campbell, New Iberia, for Commercial Union Ins. Co.
*459 C.E. Bourg, II, Morgan City, for Alfred Dobkowski.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court which awarded Francis J. Orgeron, Jr. (plaintiff) $22,800 for damages resulting from the faulty construction of a metal building by Alfred Dobkowski d/b/a Alfred Dobkowski Construction (defendant).
The trial court found that defendant defectively constructed the building he had contracted to build for the plaintiff. The court found the cost to repair the defects to be $16,800. He also awarded plaintiff $4,000 for attorney's fees per La.C.C. art. 2545, and $2000 in damages for inconvenience, delay and mental anguish.
This amount was offset by a reconventional demand by defendant of $19,300 for the balance due to defendant on the original contract price which was retained by plaintiff, less a subsequent credit of $526.30. The net award to plaintiff was $4026.30. From this judgment both plaintiff and defendant have appealed.

FACTS
Sometime in 1981, plaintiff and defendant entered into a contract whereby the defendant would provide all labor and material for the construction of a metal building in Berwick, Louisiana. The building was to measure 60 feet × 100 feet. Defendant was to prepare the foundation, pour the concrete slab, erect the steel frame of the building, attach the metal wall sheets and the roof. The front of the building was to include a mansard, which is an elevated overhang in front of the building upon which to place signs. The defendant was also to be responsible for the plumbing, doors, gutters, trim, etc. Plaintiff was to complete the interior himself. The total contract price was $57,000.00.
Defendant chose to erect a prefabricated metal building in which the building plans are sent to a factory and the factory returns a precut, prefabricated kit. This kit is then to be constructed according to the instructions from the manufacturer. The facts are undisputed that the defendant erroneously started the wall sheeting some 6 inches off on both sides. This apparently threw the construction of the entire building off. Several major construction flaws emerged, including multiple water leaks when it rained, some of which caused steel supports to rust. There were crooked and improperly installed corners, one with a gap large enough to nest birds, and insulation clogged roofing vents. The structured steel was not plumb and was improperly erected. There was an improperly installed and constructed mansard, uneven roof sheeting, shoddy gutters, and cracks in the cement slab. Numerous screws used to bolt down the metal sheeting were improperly installed and tightened.
The plaintiff moved into the building and spent the summer without air conditioning due to the numerous defects. He was unable to hang a $4,500 sign he had purchased on the defective mansard. The defendant made various attempts to repair the problems, but was unable to satisfy the plaintiff. Eventually plaintiff filed this present action for damages. Defendant reconvened for the balance due under the contract which plaintiff had retained.

FINDINGS OF TRIAL COURT
Testimony at trial clearly indicated the building was defectively constructed and contained numerous problems. The trial judge in his reasons for judgment stated: "All of the experts agreed that the workmanship was poor and that the defects were many."
The trial court found and testimony indicated that the erection of a prefabricated building precisely according to directions is essential to its proper construction. Being six inches off at the beginning was a major error and threw the entire building "out of square". The defendant had discovered this error only a few hours after construction had started, but chose not to correct it *460 then, preferring to deal with any problems later. The main issue at trial was the proper way to remedy the defects and the costs of such an undertaking.
The trial court accepted as damages the highest amount estimated at trial. He found it significant that all of the experts indicated a reluctance to attempt repairs at the estimates they had given, due to concern over the high possibility of hidden defects emerging during any such repair attempts.
Defendant alleges the trial court erred in concluding that the metal building was defective. We disagree. The plaintiff and both experts who testified stated that the defendant failed to follow the exact details when constructing the building which caused many defects. Also, the photographs introduced into evidence further reveal the seriousness of the defects. The contract had obviously been substantially performed, but with numerous defects. We find the factual findings made by the trial judge were not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Defendant alleges the trial court erred in giving the repair estimates made by Eddie Vice greater weight than other repair estimates. The weight given the testimony of an expert is determined by his qualifications, experience in the field and the facts upon which his opinion is based. The trial judge has considerable discretion, which should not be disturbed absent manifest error, in accepting or rejecting such testimony. Emond v. Tyler Building and Const. Co., Inc., 438 So.2d 681 (La.App. 2d Cir.1983). We find no abuse of discretion by the trial judge.
After a thorough review and evaluation of the record, we find no manifest error in the court's factual findings. However, we find that incorrect legal principles were used to award attorney's fees and nonpecuniary damages and reverse those awards.

DAMAGES AND ATTORNEY FEES
The attorneys apparently treated this case as one involving a sale and therefore an action in redhibition. La.C.C. art. 2520, et. seq. This is incorrect. Plaintiff did not buy a completed building from defendant. He contracted to have defendant construct the building for him. The correct legal principles to be applied are those involving building contracts, not redhibition. La.C.C. art. 2756. Martin v. AAA Brick Co., Inc., 386 So.2d 987 (La.App. 3rd Cir.1980).
In order for the contractor to recover any of the contract price when the contractor has breached a building contract, there must first be a determination of substantial performance by the contractor. Rapides Const., Inc. v. Gaspard, 411 So.2d 81 (La.App. 3rd Cir.1982). If the work has been substantially performed the contract price is reduced by the amount required to complete or perfect the work. Rapides, 411 So.2d 81.
Substantial performance means the construction is fit for the purpose intended despite the deficiencies. This determination is a question of fact. Anderson v. Green, 454 So.2d 200 (La.App. 1st Cir. 1984). The trial court apparently used the correct legal principle when he cited Kuhlman v. Talley, 145 So.2d 101 (La.App. 3rd Cir.1962) and discussed breach of the building contract. We have no problem in determining this is a substantially completed construction which contains deficiencies requiring reduction in the contract price in an amount required to perfect this work. However, the trial court awarded attorney fees under La.C.C. art. 2545[1]. This article is clearly not applicable. Attorney fees may only be awarded when authorized by statute or by contract between the parties. Martin, 386 So.2d at 992. There is no applicable statute here nor any such contractual provision. Consequently, attorney fees were improperly awarded.
*461 Consistent with the erroneous application of redhibition principles in part to this suit, the trial court also improperly awarded nonpecuniary damages for mental anguish and inconvenience, and damages for delay. These items are not properly awardable in this case since there is no proof the object of the building contract was intellectual gratification. Gele v. Markey, 387 So.2d 1162 (La.1980); Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). Additionally, the record does not support a finding that pecuniary damages were suffered because of delay. Since the damages were improperly awarded they cannot be increased as requested by plaintiff.

DECREE
We affirm the trial court's judgment that the defendant is entitled to recover the balance due on the contract of $19,300 less a credit of $526.30 or $18,773.70. We also affirm the damages awarded plaintiff to repair the building in the amount of $16,800. We reverse the awards for attorney fees and nonpecuniary damages. Thus, proper judgment is for the defendant in the sum of $1,973.70. Defendant is to pay all costs.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] La.C.C. art. 2545 provides as follows:

The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.