PER CURIAM.
This appeal presents the issue of whether or not the trial court erred in its award of damages for breach of contract.
Eagle Steel Structures (hereinafter referred to as Eagle) appeals an award of damages to O.S. Johnson d/b/a O.S. Johnson, Dirt Contractor (hereinafter referred to as Johnson) arising out of a default on a contract by Eagle to deliver two metal buildings to Johnson for a price of $40,-900.00. The buildings were to be used in a construction project Johnson was performing for the United States Forestry Service. When Eagle defaulted on the contract, Johnson was forced to purchase similar buildings from another supplier at a cost of $53,282.00 or $12,382.00 more than Johnson had contracted to buy the buildings from Eagle.
On February 25, 1983, Johnson filed suit against Eagle, seeking recovery for the difference of $12,382.00 in the contract prices, recovery of a $3,000.00 deposit given Eagle, $1,500.00 for out-of-pocket expenses, $15,000.00 for general damages, and attorney’s fees of $5,000.00, all totaling $36,882.00 in damages. The trial court awarded Johnson all damages sought except for the attorney’s fees. Eagle appeals the amounts awarded for the out-of-pocket expenses and general damages. We amend and affirm.
DAMAGES
Eagle first appeals the award of $15,-000.00 in general damages for breach of contract. Johnson asserts that liquidated damages for delays were incurred by him in his contract with the forestry service as a result of Eagle’s failure to comply with its contract. Johnson testified that while he incurred damages of $2,900.00 because of late completion, the general damages suffered were not entirely due to delays caused by Eagle not supplying the metal buildings. Johnson testified as follows:
“A. We got into liquidated damages because of late completion. $2,900.00 or so.
THE COURT: That item is included in your damages for breach of contract, is that correct?
FRED GAHAGAN: I have asked for damages for breach of contract in the amount of $15,000. So that would hopefully come into that, Your Honor.
THE COURT: You had liquidated damages of how much?
A. $2,900.00 and some odd dollars.
THE COURT: That was strictly for being late ... late completion, is that ...
A. Right. We don’t blame that entirely on.... on the delay on getting the shop drawings. We had a subcontractor out there that didn’t perform like they should have and there were some delay connected with their actions, as well as the fact that we got our shop drawings late and delayed the pouring of the slab.”
Johnson has not sufficiently proved that fault on Eagle’s part caused the delay damages incurred in Johnson’s contract *56 with the forestry service. As to any other general damages suffered, Johnson merely testified that he received pressure from everyone in the forestry service because of the delay in completing the job.
Nonpecuniary damages as a consequence of the breach of a contract are not recoverable where the object of the contract is anything other than intellectual gratification. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976); Martin v. AAA Brick Co., Inc., 386 So.2d 987 (La.App. 3rd Cir.1980). The evidence presented by Johnson does not suggest that the object of the contract was anything other than the supplying of buildings to be used in a construction project. As Johnson has not shown a sufficient basis for the award of $15,000.00 in general damages, an award for such damages should not have been made.
Eagle also asserts that the trial court erred in awarding $1,500.00 for out-of-pocket expenses. At trial, Johnson itemized the expenses incurred in attempting to have Eagle perform and in replacing Eagle with a new supplier as $180.00 for telephone calls, $231.00 for a trip to Houston, and $440.00 for a trip to Alexandria.
Johnson has the burden of proving the damage suffered by him as the result of a breach of contract. “While the absence of independent, corroborating evidence may not be fatal to the plaintiffs burden of proof, the lack of even a minimal degree of detail or specificity as to the extent of loss precludes an award.” Campbell v. Lelong Trust, 327 So.2d 533 (La.App. 2nd Cir.1976), writ den., 331 So.2d 494, 496 (La.1976). Since Johnson proved only $851.00 of his claim for out-of-pocket expenses, the award of $1,500.00 for out-of-pocket expenses will be reduced to this amount. As the general damages award was not proved with the required degree of certainty, the total award to Johnson of $15,000.00 for general damages will be reversed and set aside.
For the foregoing reasons the judgment of the trial court is amended to reduce the total amount awarded to Johnson against Eagle from $31,882.00 to $16,233.00, and, as so amended, it is affirmed at appellant’s costs.
AMENDED AND AFFIRMED.