Carolyn Pratt **PERRY, Individually and as Tutrix of Elizabeth Pratt Perry and Leonard Pratt Perry**

v.

**STATE FARM FIRE & CASUALTY COMPANY.**

**Civ. A. No. 88–383–B.**

United States District Court, M.D. Louisiana.

Sept. 12, 1988.

Arthur H. Andrews, Funderburk & Andrews, Baton Rouge, La., for plaintiff; Robert A. Babcock, Kansas City, Mo., of counsel.

Hank Seldon Hannah, John Dale Powers, Powers, Vaughn & Clegg, Baton Rouge, La., for defendants.

RULING ON STATE FARM FIRE & CASUALTY COMPANY'S MOTION FOR PARTIAL DISMISSAL

POLOZOLA, District Judge.

Carolyn Pratt Perry, individually and as tutrix of Elizabeth Pratt Perry and Leonard Pratt Perry, filed this suit to recover under an insurance policy providing fire coverage for damage to her home. The policy was issued by State Farm Fire & Casualty Company ("State Farm"). Plaintiff contends that State Farm's conduct in refusing to pay to have her home repaired constituted a breach of contract, entitling plaintiff to penalties, attorney's fees, damages for mental anguish, and all consequential damages.

State Farm has now filed a motion to dismiss for failure to state a claim upon which relief can be granted. State Farm contends that Louisiana law does not provide for recovery of damages for mental anguish arising out of an alleged breach of contract to pay benefits allegedly due under an insurance policy.

The issue of whether mental anguish damages are recoverable in a suit for breach of contract is governed by article

1998 of the Louisiana Civil Code which provides:

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.

The plaintiff contends that a primary purpose of the insurance contract is intended to gratify a nonpecuniary interest—the restoration of plaintiff's home to its original condition prior to the fire. This contention was rejected by the Louisiana Supreme Court in *Ostrowe v. Darensbourg*, 377 So. 2d 1201 (La.1979). In *Ostrowe*, the Court held that damages could not be recovered for mental pain, anguish, and anxiety resulting from breach of contract to build plaintiffs' personal residence. The Court held that the principal object of the contract was not intellectual gratification but instead was to provide a place to live, shelter from elements, and to afford health and comfort in keeping with plaintiff's means. Also, in *Meador v. Toyota of Jefferson*, 332 So.2d 433 (La.1976), the Louisiana Supreme Court considered a plaintiff's claim for damages for aggravation, distress, and inconvenience suffered when the automobile repairman unnecessarily delayed completion of repairs. The Court held that plaintiff could not recover damages for mental anguish caused by the loss of the use of her automobile because the procuring of intellectual enjoyment was not a principal object of the contract to have the car repaired.

In the instant case, the principal object of the contract was to protect the plaintiff against the risk of financial loss to her home, and to enable her to replace her home if it was damaged or destroyed. Clearly, the insurance contract involved was intended to protect and gratify a pecuniary interest. The plaintiff's contention that the primary purpose of the contract was to gratify a nonpecuniary interest is without merit.

Therefore:

IT IS ORDERED that the motion of State Farm Fire & Casualty Company for partial dismissal be and it is hereby GRANTED.