686 So.2d 819 (1997)
William Henry SANDERS
v.
Carl ZEAGLER, et al.
Nos. 96-C-1170, 96-C-1270.
Supreme Court of Louisiana.
January 14, 1997.
*820 Howard Louis Murphy, Victor John Franckiewicz, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for Applicant (No. 96-C-1270).
Henry Gerard Terhoeve, Kevin Paul Landreneau, Guglielmo, Marks, Schutte, Terhoeve & Love, Baton Rouge; Galen Wade McBride, William Henry Sanders, Richard Joseph Arsenault, Nesbett, Beard & Arsenault, Alexandria; Mark Alan Watson, Alexandria, Carl Zeagler, for Respondent (No. 96-C-1270).
Henry Gerard Terhoeve, Guglielmo, Marks, Schutte, Terhoeve & Love, Baton Rouge; for Applicant (No. 96-C-1170).
Galen Wade McBride, William Henry Sanders, Nesbett, Beard & Arsenault, Alexandria; Howard Louis Murphy, Victor John Franckiewicz, Jr., Deutsch, Kerrigan & Stiles, New Orleans; Mark Alan Watson, Alexandria, Carl Zeagler, for Respondent (No. 96-C-1170).
MARCUS, Justice.[*]
At issue is whether damages for mental anguish are recoverable in an action by a homeowner for defects in the construction of a house.
In 1976, William Sanders (Sanders) and his wife, Bessie Sanders, hired architect A.D. Mathys (Mathys) to design a house for them in Jena, Louisiana. They also hired Zeagler Construction Co. (Zeagler), the lowest bidder pursuant to a bid proposal, as contractor. To cover performance of the construction contract, Zeagler obtained a performance bond of $200,000 from American Fidelity Fire Insurance Co. (American).
The house was completed in early 1979. Punch lists of defective items were prepared by Mathys for Zeagler to correct. Sanders signed a certificate of substantial completion on February 19, 1979, and moved into the house in the spring of 1979. After moving in, Sanders continued to contact Zeagler concerning a number of unresolved problems with the house.
On July 30, 1981, Sanders (alone) filed suit against Zeagler. By amended petitions, American, Mathys[1] and Mathys' insurer, INA Underwriters Insurance Co. (INA), were named as defendants.[2] American subsequently became insolvent and was placed in rehabilitation by a New York court. As a result, Sanders, joined by his wife, filed a second suit on February 21, 1990 against the Louisiana Insurance Guaranty Association (LIGA), based on American's insolvency.
The cases were consolidated[3] and tried before a jury in 1993. The jury awarded $35,000 in damages for "repairs already made" and $10,000 for "future repairs," apportioning 25% of the fault to Mathys and 75% to Zeagler. The jury also awarded $7,000 each to Sanders and his wife for *821 "mental anguish, emotional distress and inconvenience," allocating 100% of the fault for these damages to Zeagler. Prior to the rendition of judgment, Sanders and his wife moved for additur, judgment notwithstanding the verdict, or in the alternative a new trial. The trial judge granted a judgment notwithstanding the verdict against INA and LIGA, increasing the award for past repairs from $35,000 to $70,000 and the award for future repairs from $10,000 to $35,000. He also increased the award for emotional distress from $7,000 each to $25,000 each, assigning 25% of the fault therefor to Mathys.
Both INA and LIGA appealed. The court of appeal affirmed in part, reversed in part and amended.[4] Upon applications by LIGA and INA, we granted certiorari, stating, "[b]riefing and argument are especially invited on the issue of damages for mental anguish."[5]
The issue presented for our consideration is whether the court of appeal erred in affirming the judgment of the trial court, awarding $25,000 to Sanders for mental anguish in connection with the defects in the construction of the house.[6]
The recovery of damages for nonpecuniary loss, such as mental anguish, is presently governed by La. Civ.Code art.1998, which became effective January 1, 1985. However, since the facts in the instant case arose prior to 1985, the previous article governing nonpecuniary damages, La. Civ.Code art.1934(3), is applicable here. Lafleur v. John Deere Co., 491 So.2d 624, 630 (La.1986). La. Civ. Code art.1934(3) provided:
Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
We interpreted this article in the seminal case of Meador v. Toyota of Jefferson, 332 So.2d 433 (La.1976). In Meador, the eighteen year old plaintiff took her car to a dealership for repair and did not get it back until seven months later. She sought nonpecuniary damages against the dealership for her aggravation, distress and inconvenience. After reviewing the history of La. Civ.Code art.1934(3), we concluded:
Thus, we would interpret Article 1934(3) as follows: Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable.
On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment. 332 So.2d at 437 (emphasis in original).
Applying this principle, we concluded that the plaintiff was not entitled to recover nonpecuniary *822 damages, since intellectual enjoyment, while perhaps an "incidental or inferred" contemplation of the contracting parties, was not a principal object of the contract to have the car repaired. Rather, we found the principal object of the contract was the repair of plaintiff's automobile with its consequent utility or physical gratification.
We revisited the issue some three years later in Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979), a case which is factually similar to the instant case. In Ostrowe, the plaintiffs entered into a contract with the defendant (a contractor) for the construction of a home. When the defendant failed to complete the contract within the time stipulated, the plaintiffs filed suit and sought damages for past and future mental suffering, anguish and anxiety. In brief to this court, the plaintiffs argued that intellectual gratification was the object of the contract. In support, they contended the house was a "distinctively designed home intended to suit their individual desires" and "an exclusive, specially designed residence in an exclusive subdivision." We found that, even accepting these descriptions, a contract for the construction of a distinctively designed house was not a contract for the purpose of intellectual gratification. Moreover, we reasoned that even if the contract had for its purpose intellectual gratification, that gratification was not the principal object of the contract. We concluded that the principal object of the contract was physical in nature and any intellectual gratification was only an incidental object of the contract:
In the instant case we hold that the obvious inference to be drawn from the limited facts available in this record is that the principal object of the contract, as with most contracts to construct dwellings, was to build a structure to be used as a residence by the plaintiffs. This was their overriding concern: to obtain a place to live in, to provide shelter from the elements and to afford health and comfort for their family in keeping with their means.
While plaintiffs claim that intellectual gratification or convenience was the object of the contract, that claim is not supported by the record except by their argument in brief and tenuous inferences. And, if intellectual gratification or convenience were objects of the contract, they were not principal objects but incidental objects not specially contracted for, as was the construction of the physical structure itself. 377 So.2d at 1203.
In the instant case, Sanders, like the plaintiff in Ostrowe, contends that the contract had for its object intellectual gratification. In support, he argues that several of the design features of the house were intended to gratify his desires. For example, he points out he specified a large open house because of his claustrophobia. He wanted large windows so he could view the outdoors. He specified a certain type of special stone for the fireplace and special "wormy cypress paneling" for the interior. Finally, he contends he wanted a "low maintenance house" in which he could grow old.
By contrast, INA and LIGA argue that Sanders' contentions are not supported by the record. They point out that although Sanders testified he wanted a large open house, he said nothing about claustrophobia. As to the large windows, they argue the aim of this design was realized, since Sanders testified he often gazed through the windows to see the wildlife that visited his yard. They contend that Sanders' desire for a low maintenance house really goes to the issue of physical utility rather than intellectual gratification. Lastly, they note that Sanders testified several times that he was "comfortable" with the house as far as its design and layout.
We accept Sanders' contention that his home had several distinctive features which were intended to suit his particular desires, and that he experienced considerable aggravation when the contract to build his home was not properly performed. However, we are unable to conclude on the record before us that intellectual gratification was a principal cause of this contract. Clearly, Sanders' main object in entering into the contract was a physical one: to obtain a place in which to live. Although his intellectual gratification was arguably an incidental or inferred object of the contract, we find it does not rise to the *823 level of a principal object of the contract. Therefore, Sanders is not entitled to nonpecuniary damages under La. Civ.Code art. 1934(3).
Accordingly, we conclude the trial judge was clearly wrong in awarding any damages for mental anguish, emotional distress and inconvenience. This award must be reversed.
Lastly, LIGA and INA raise several other issues. In granting the applications for certiorari on the issue of damages for mental anguish, we did not intend to address these issues. Therefore, we will recall the writs as to these issues and deny the applications insofar as they pertain to issues other than damages for mental anguish. See Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, 1171.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it affirms the award of $25,000 in damages for mental anguish to William Henry Sanders. In all other respects, the writs are recalled and denied.
NOTES
[*] Judge Graydon K. Kitchens, Jr., 26th Judicial District Court and Judge Ian W. Claiborne, 18th Judicial District Court, participating as associate justices ad hoc in place of Justice Jack C. Watson and Justice E. Joseph Bleich. Kitchens, J. ad hoc not on panel. Rule IV, Part 2, § 3.
[1] On July 25, 1990, Mathys was discharged in bankruptcy.
[2] Certain other parties not relevant to this case were also included as defendants.
[3] In granting the motion to consolidate, the trial judge directed that all future filings be filed under the number assigned to Sanders' 1981 suit and not under the number assigned to the 1990 suit filed by Sanders and his wife.
[4] 95-1344, 95-1346 (La.App. 3d Cir. 3/6/96), 670 So.2d 748.
[5] 96-1170, 96-1270 (La.6/28/96), 675 So.2d 1096, 1097.
[6] In his judgment notwithstanding the verdict, the trial judge awarded $25,000 in mental anguish damages to Sanders and $25,000 to his wife. However, the court of appeal reversed the $25,000 award to Sanders' wife against LIGA, finding her 1990 suit was perempted under La. R.S. 9:2772 and that she was not a party to Sanders' 1981 suit. Additionally, the court reversed the judgment in favor of Mrs. Sanders against INA, on the ground that INA was never named as a defendant in her 1990 suit. Mrs. Sanders' application to this court on this issue was denied, and that judgment is now final. 96-1253 (La.6/28/96), 675 So.2d 1097. Accordingly, the only issue before us is the $25,000 mental anguish award in favor of Sanders.